IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Branch, | ) Civil Action No.: 8:10-1270-JMC-BHH |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden McKither Bodison, | ) |
| Respondent. | ) |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)©, D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on May 14, 2010.[1] On August 18, 2010, the Respondent moved for summary judgment. By order filed August 19, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 1, 2010, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion.

## PROCEDURAL HISTORY

The Petitioner is currently incarcerated at the Leiber Correctional Institution. The Petitioner was indicted for murder in 2003 and for first degree lynching and armed robbery

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on May 14, 2010, at the Lieber Correctional Institution mailroom. (Pet. Attach.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

in 2005.  On July 25-26, 2005, the Petitioner was tried on these charges before a jury with the Honorable James C. Williams, Jr., presiding.[2]  The Petitioner was represented by Vernida Hill.  On July 27, 2005, the Petitioner pled guilty as charged and was sentenced by Judge Williams to thirty years on all three charges.  The Petitioner did not file a direct appeal.

On October 26, 2005, the Petitioner filed an application for post-conviction relief ("PCR").  (App. 407.)  On November 6, 2007, an evidentiary hearing was held before the Honorable Perry M. Buckner.  (App. 420.)  The Petitioner was present at the hearing and represented by Tara Dawn Shurling.  *Id.*  On December 4, 2007, the PCR Court dismissed the Petitioner's PCR application with prejudice.  (App. 484.)  On December 27, 2010, the Petitioner filed a Rule 59(e) Motion to Alter or Amend.  (App. 491.)  On June 24, 2008, the PCR Court denied the Motion to Alter or Amend the Order of Dismissal.  (App. 500.)

The Petitioner appealed the denial of his PCR application to the South Carolina Supreme Court.  The Petitioner was represented by Appellate Defender Elizabeth Franklin-Best.  The Petitioner raised the following issue:

> Did Branch receive ineffective assistance of counsel when his attorney, during his murder, lynching, and armed robbery case, fail to advise him that he could assert either  the defense of mere presence or that he could argue he was merely guilty of "accessory after the fact?"  Counsel instead, advised Branch that he "had no defenses."  Did this advice fall well below professional norms because those arguments could have been made, and was it error for the PCR judge to find that Branch received effective  assistance of counsel?

(Return Attach. # 7 at 2.)  On March 18, 2010, the South Carolina Supreme Court denied the Petition for Writ of Certiorari.  (Return Attach. # 9.)  The Supreme Court issued its Remittitur on April 5, 2010.  (Return Attach. # 10.)

---

[2] The Petitioner was tried with one of his co-defendants.  The co-defendant also pled guilt to lynching and strong armed robbery and received a reduced sentence based on his limited role in the crimes. (App. 400-402.)

In this federal habeas petition, the Petitioner raised the following grounds for relief, quoted verbatim:

> **Ground One**: Ineffective assistance of counsel
> **Supporting Facts**: 1) Counsel was ineffective for failing to properly advise the applicant of the defense of mere presence. 2) Counsel was ineffective for failing to advise the applicant that she could argue the he was guilty of only accessory after the fact to murder.
>
> **Ground Two**: Violation of due process
> **Supporting Facts**: Plea was involuntary based on counsels erroneous advice and inactions
>
> **Ground Three:** My federal rights were violated when counsel failed to challenge my 2 statements involuntarily given.
> **Supporting Facts**: This claim is being raised as a free standing claim.

(Hab. Pet. 6-9.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

> unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal.  SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

**DISCUSSION**

The Respondent contends that the issues which the Petitioner raises in Grounds Two and Three are barred because they were procedurally defaulted in state court. The undersigned agrees.

In Ground Two, the Petitioner alleges his due process rights were violated and his plea was involuntary based on trial counsel's erroneous advice and inactions. Although the Petitioner raised this issue in his PCR and the PCR Judge ruled on it, the Petitioner did not raise this issue to the South Carolina Supreme Court when he appealed the denial of his PCR application. *Coleman,* 501 U.S. 722 (finding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

In Ground Three, the Petitioner alleges his constitutional rights were violated when trial counsel failed to challenge the voluntariness of his statements. He specifically states that this claim is being raised as a free standing claim. Reviewing this claim as a free-standing issue, it is procedurally barred. The Petitioner did not file a direct appeal Therefore, this claim was procedurally defaulted in state court and cannot be considered on federal habeas review. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review); *Coleman,* 501 U.S. 722 (finding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *Mathews v. Evatt,* 105 F.3d 907 (4th Cir. 1997)(holding issues procedurally defaulted under state law result in procedural bar on federal habeas review). Even reviewing, this claim as one alleging ineffective assistance of counsel, it is procedurally barred as the Petitioner did not raise this issue in his PCR petition.

Therefore, absent a showing of cause and prejudice, or actual innocence, federal habeas review of these claims is procedurally barred. The Petitioner contends that he did

not file a direct appeal due to counsel's ineffectiveness, i.e. failure to advise him he could appeal.[3]  While ineffective assistance of counsel on direct appeal may constitute cause, *Coleman,* 501 U.S. at 753-54, the Petitioner never claimed that he received ineffective assistance of appellate counsel in state court, and he may not use the alleged ineffective assistance of appellate counsel as "cause" in this federal proceeding without first satisfying the cause and prejudice standard with respect to the ineffective-assistance claim itself. *See, e.g ., Edwards v. Carpenter,* 529 U.S. 446, 450-51 (2000); *Swisher v. True,* 325 F.3d 225, 231 (4th Cir. 2003).  Therefore, the Petitioner's claims raised in Grounds Two and Three are procedurally barred.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir.1995),  the Court of Appeals held that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan,* 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the Petitioner's claims raised in Grounds Two and Three should be dismissed.

**Ground One**

In Ground One, the Petitioner contends that his counsel was ineffective and his guilty plea was involuntary because counsel failed to inform him of the defense of mere presence and that she could also argue to the jury that he was guilty only of accessory after the fact. The Respondent contends this claim is without merit and should be dismissed. The undersigned agrees.

---

[3] The undersigned notes that the plea judge informed the Petitioner that he had ten days within which to appeal his guilty plea.  (App. 386-87.)

To prove constitutionally ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, the Petitioner must also establish prejudice by proving that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Petitioner must show that "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Id.* If, however, there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial. *Savino v. Murray,* 82 F.3d 593, 599 (4th 1996) (*citing Hill*, 474 U.S. at 59).

At the PCR hearing, counsel testified that she hired a forensic specialist, a paralegal, and a private investigator. (App. 456.) Counsel testified that she thoroughly investigated the evidence and concluded that the evidence was inconsistent with the Petitioner's version of events. (App. 462 - 463.) Counsel also testified that she discussed accomplice liability (i.e. hand of one equals the hand of all) with Petitioner, but not the crime of accessory after the fact because the Petitioner was not charged with accessory after the fact. (App. 460.) Counsel testified that she did not believe the Petitioner had any defenses. (App. 455.)

At the plea hearing, Petitioner testified that counsel had talked with him about accomplice liability, and sent him cases on accomplice liability and the defense of mere

11

presence. (App. 444-45.)   He also testified that counsel did not discuss with him that his statements could support the offense of accessory after the fact rather than murder. (App. 445.)  The Petitioner testified that had he understood the defense of mere presence and the offense of accessory after the fact that he would not have pled guilty.  (App. 447; 453.)

The PCR Court found counsel was not ineffective. The PCR Court found trial counsel's testimony was credible and the Petitioner's testimony was not.   That determination is entitled to deference by this Court.    *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003).   "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir.2008).

Furthermore, counsel was not deficient for failing to seek an accessory after the fact charge as the Petitioner was charged with murder and not accessory after the fact. Accessory after the fact is not a lesser-included offense of murder.  Nor would Petitioner have been entitled to a jury charge on accessory after the fact.  *See  State v. Good,* 315 S.C. 135, 432 S.E.2d 463 (1993)(holding defendant is not entitled to a charge distinguishing offense charged of murder from accessory after the fact unless the offense is exclusionary).

As for counsel's decision not to pursue a defense of mere presence, the evidence did not support such a defense. The Petitioner admitted in one statement to the police that he helped dispose of the body and the Petitioner acknowledged in his final statement that he had assaulted the victim.  A co-defendant named the Petitioner as the person who attacked the victim.  An eyewitness claimed to have seen the Petitioner attacking the victim through a window .  The Petitioner's shoe impressions were consistent with footprints found at the murder scene.  The evidence showed that a baseball bat was used to murder the victim, and two baseball bats were missing from the Petitioner's girlfriend's apartment after the murder.  A baseball bat with blood on it was found in the Petitioner's girlfriend's car.

The victim's blood was found on the Petitioner's clothing. A car similar to Petitioner's girlfriend's car was seen in the area of the pond, where the victim's body of was disposed of, on the night of the murder.

The Petitioner argues that the lab reports regarding the shoe prints only show that his shoes or "another shoe that displays the same combined class characteristics" could have made the imprints. (Pet'r's Mem. Opp. Summ. J. Mot. at 11.) He then states that no blood was found on his shoes and that blood was located on shoes belonging to other persons. *Id.* The Petitioner states that this was obviously exculpatory evidence and counsel was ineffective for ignoring it as such. *Id*. While the shoe print evidence did not conclusively link the Petitioner to the crime scene, the evidence also did not by any means exclude him and thus was not exculpatory. In any event, as the Petitioner states, he admitted in his statements that he assisted "in putting [the victim's] body in the pond." (Pet'r's Mem. Opp. Summ. J. Mot. at 13.)

That counsel could have conducted a more thorough investigation that might have borne fruit does not establish ineffectiveness. *See Burger v. Kemp,* 483 U.S. 776, 794 (1987) (holding "[t]he record at the habeas corpus hearing does suggest that [the attorney] could well have made a more thorough investigation than he did. Nevertheless, in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.' ") (citations omitted). *Stevens v. Delaware Correctional Center,* 295 F.3d 361, 373 (3rd Cir.2002) (finding counsel does not have to investigate matters at odds with what client has said and what victim will testify). Additionally, the Petitioner has not presented any evidence demonstrating prejudice because he has not established that further investigation by counsel would have uncovered any exculpatory evidence. *See Bassette v. Thompson,* 915 F.2d 932, 940-41 (4th Cir.1990) (when challenging the adequacy of counsel's investigation, defendant must show what an "adequate" investigation would have uncovered).

Further, the Petitioner admitted his guilt at the plea and he expressed his satisfaction with counsel's representation of him. (App. 383; 385.) He also swore that he understood his right to trial by jury, and he swore that his guilty plea was voluntary. (App. 383-85.) The Petitioner has not shown anything that would overcome the "strong presumption of veracity" carried by his statements at the guilty plea hearing. *See United States v. Morrow*, 914 F.2d 608, 614 (4th Cir. 1990). Because a guilty plea is a solemn, judicial admission of the truth of the charges against an individual, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A defendant's representations at the plea, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 74. Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents reasons why he should be allowed to depart from the truth of his statements. *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir.1976). The petitioner has not done so.

Based on the foregoing, the undersigned finds that the state court's decision is not contrary to clearly-established federal law, and the decision was not unreasonable. Furthermore, the state court did not unreasonably apply federal law to the Petitioner's claim. Accordingly, this ground is without merit and should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 16) be GRANTED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 5, 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**